b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONY M. DEVADAS, Petitioner | CIVIL DOCKET NO. 1:20-CV-00370 |
| VERSUS | JUDGE DRELL |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the Government's Motion for an Order to Show Cause and to Stay Briefing (ECF No. 12). Because jurisdiction over Petitioner Antony M. Devadas's § 2241 petition attached in the Alabama court while Devadas was detained in Alabama, Devadas's subsequent duplicative § 2241 petition in this Court should be dismissed.

I.  Background.

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Antony M. Devadas ("Devadas"). Devadas, a citizen of Sri Lanka, seeks release from detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), pending his removal, pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Before his transfer to Louisiana, Devadas was detained pending removal in Louisiana. Devadas filed a § 2241 petition in the Northern District of Alabama (Middle) in December 2019, seeking release from detention pursuant to *Zadvydas.*

*See Devadas v. Barr*, No. 4:19-CV-02004 (N.D. Al.) (ECF No. 8). Devadas was transferred by ICE to Louisiana, where he filed this § 2241 petition, seeking the same relief.[1] Meanwhile, the court in Alabama is moving forward on Devadas's petition.[2]

The Government filed a Motion for an Order to Show Cause and to Stay Briefing (ECF No. 12), asking this Court to order Devadas to show which of his pending habeas petitions he intends to pursue at this time and to issue a stay pending further order of this Court.

## II.  Law and Analysis.

Jurisdiction over a habeas petition attaches at the time of filing. See Lee v. Wetzel, 244 F.3d 370, 373-375 (5th Cir. 2001). For core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement. A petitioner must file his habeas petition in the district of confinement. Jurisdiction over a habeas petition is not destroyed by the transfer of the petitioner and accompanying custodial change. See Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014); 28 U.S.C. §2241(a); see also Ex parte Mitsuye Endo, 323 U.S. 283, 306-07 (1944) ("[P]ower 'to grant writs of habeas corpus for the purpose of an inquiry into the

---

[1] Although this Court is unable to view most of the pleadings filed in the Northern District of Alabama on PACER, an order of that Court (ECF No. 8) makes it clear that Devadas is challenging his continued detention pending removal, pursuant to *Zadvydas*, as he has in this Court.

[2] It is noted that Devadas's mail from the Alabama court has been returned to that court by the LaSalle Detention Facility in Olla, Louisiana since March 2020. Since this Court lacks access to certain of the pleadings and Alabama court filings on PACER, it is unclear whether the mail was returned at Devadas's insistence or whether Devadas is unaware of his legal mail from the Alabama court.

cause of restraint of liberty' . . . may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court."); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release, citing Endo); Diaz v. U.S., 580 Fed. Appx. 716, 717 (11th Cir. 2014); U.S. v. Means, 572 Fed. Appx. 793 (11th Cir. 2014).

Since jurisdiction attached in the Alabama court, the subsequent transfer of Devadas to Louisiana did not destroy that court's jurisdiction and confer jurisdiction to this Court. Accordingly, Devadas's duplicative § 2241 petition in this Court should be dismissed, and the Government's Motion for Order to Show Cause and to Stay (ECF No. 12) should be denied.

III. Conclusion.

IT IS RECOMMENDED that the Government's Motion for Order to Show Cause and to Stay (ECF No. 12) be DENIED.

IT IS FURTHER RECOMMENDED that Devadas's § 2241 petition in this Court be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

4

      THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15th day of July 2020.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge